## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CARLRON CALHOUN,

                Plaintiff,

v.
                                       Case No. 8:22-cv-1367-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,

                Defendant.

_____

## OPINION AND ORDER[1]

### I.   Status

       Carlron Calhoun ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claim for supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of "bipolar schizophrenia" and "sld" (believed to stand for specific learning disability). Transcript of Administrative Proceedings (Doc. No. 11; "Tr." or "administrative transcript"), filed September 14, 2022, at 62, 77. Plaintiff protectively filed an application for SSI on January 27, 2020, alleging a

_____

[1]      The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 10), filed September 14, 2022; Reference Order (Doc. No. 13), entered September 14, 2022.

disability onset date of May 29, 2008. Tr. at 199-209.[2] The application was denied initially, Tr. at 62-73, 74, 75, 99-101, 107-09, and upon reconsideration, Tr. at 76-94, 95, 96, 98, 116-22, 123-28.[3]

On September 10, 2021, an Administrative Law Judge ("ALJ") held a telephonic hearing,[4] during which Plaintiff (represented by counsel) and a vocational expert ("VE") testified. Tr. at 35-61. At the time, Plaintiff was forty-seven (47) years old. Tr. at 41. On October 13, 2021, the ALJ issued a Decision finding Plaintiff not disabled since the date the SSI application was filed. See Tr. at 21-30.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council. See Tr. at 4-5 (Appeals Council exhibit list and order), 196-98 (request for review). On April 19, 2022, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On June 15, 2022, Plaintiff commenced this action under 42

---

[2]     The SSI application was actually completed on February 12, 2020, Tr. at 199, but the protective filing date is listed elsewhere in the administrative transcript as January 28, 2020, Tr. at 62, 77.

[3]     Some of the cited documents are duplicates.

[4]     The hearing was held via telephone, with Plaintiff's consent, because of extraordinary circumstances presented by the COVID-19 pandemic. Tr. at 38, 145-58, 160-61.

U.S.C. § 405(g), as incorporated by § 1383(c)(3), by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues the ALJ erred "in failing to comply with Social Security Ruling [("SSR")] 16-3P and by failing to fully develop the record." Memorandum in Opposition to the Commissioner's Decision (Doc. No. 16; "Pl.'s Mem."), filed November 7, 2022, at 2; see id. at 6-9. On January 4, 2023, Defendant responded to Plaintiff's argument by filing a Memorandum in Support of the Commissioner's Decision (Doc. No. 17; "Def.'s Mem."). After a thorough review of the entire record and the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past

---

[5]       "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 23-30. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since January 28, 2020, the application date." Tr. at 23 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: personality disorder; schizophrenic spectrum other psychotic disorder; depressive disorder; and bipolar I disorder." Tr. at 23 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 24 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform a full range of work at all exertional levels but with the following non-exertional limitations: [Plaintiff] is able to understand, remember, and carry out simple, routine, and repetitive tasks involving only simple work-related decisions with

the ability to adapt to routine workplace changes. [Plaintiff] can tolerate frequent interaction with supervisors, occasional interaction with coworkers, and no interaction with the general public. [Plaintiff] may only frequently handle and finger with the left hand. [Plaintiff] will be off task five percent of the day and miss one workday per quarter.

Tr. at 25 (emphasis omitted).

At step four, the ALJ found that Plaintiff "has no past relevant work." Tr. at 28 (emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("45 years old . . . on the date the application was filed"), education ("limited education"), lack of work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 28 (emphasis and citations omitted), such as "Floor Waxer," "Marker," and "Garbage Collector," Tr. at 29. The ALJ concluded Plaintiff "has not been under a disability . . . since January 28, 2020, the date the application was filed." Tr. at 30 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial

evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff argues one point of alleged error: that the ALJ failed "to comply with [SSR] 16-3P" and "fail[ed] to fully develop the record." Pl.'s Mem. at 2; see id. at 6-9. SSR 16-3P, as further discussed below, dictates the circumstances under which an ALJ evaluates the intensity, persistence, and limiting effects of a claimant's symptoms. Even though Plaintiff's main impairments are mental,

rather than physical, Plaintiff focuses solely on a physical impairment in making his argument. According to Plaintiff, the ALJ did not properly evaluate his testimony concerning his left hand and his inability to hold anything with it due to injury and surgery. Pl.'s Mem. at 6. Plaintiff contends there was no opinion evidence upon which the ALJ could base the physical aspect of the RFC determination and argues the matter should be remanded for further development of the record. Id. at 7-8. Responding, Defendant argues the ALJ did not abrogate the duty to develop a full and fair record, and the ALJ properly evaluated Plaintiff's hand limitations, together with the rest of the evidence. Def.'s Mem. at 5-10.

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.2d at 1223.

"In evaluating the intensity and persistence of a claimant's symptoms, the ALJ considers the entire record, including the objective medical evidence,

the claimant's history, and statements of the claimant and [his or] her doctors." Belser v. Soc. Sec. Admin., Comm'r, No. 20-12121, 2021 WL 6116639, at *6 (11th Cir. Dec. 27, 2021) (unpublished) (citing 20 C.F.R. §§ 404.1529(c)(1)-(2)); see also SSR 16-3p, 2017 WL 5180304 (SSA 2017). The Regulations in effect at the time of the ALJ's Decision provided that an ALJ "will" also consider other factors related to symptoms such as pain, including:

> (i) [The claimant's] daily activities; (ii) The location, duration, frequency, and intensity of [the claimant's] pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate [his or her] pain or other symptoms; (v) Treatment, other than medication, [the claimant] receive[s] or ha[s] received for relief of [his or her] pain or other symptoms; (vi) Any measures [the claimant] use[s] or ha[s] used to relieve [his or her] pain or other symptoms . . .; and (vii) Other factors concerning [the claimant's] functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3)(i)-(vii). To reject the claimant's assertions of subjective symptoms, "explicit and adequate reasons" must be articulated by the ALJ. Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v.

Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).[6]

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019)); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

---

[6]     In 2017, the SSA issued new guidance to ALJs about how to evaluate subjective complaints of pain and other symptoms. The SSA has "eliminat[ed] the use of the term 'credibility' from [its] sub-regulatory policy, as [the R]egulations do not use this term." SSR 16-3P, 2017 WL 5180304, at *2 (Oct. 25, 2017). "In doing so, [the SSA has] clarif[ied] that subjective symptom evaluation is not an examination of an individual's character." Id. Accordingly, ALJs are "instruct[ed] . . . to consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." Id. "The change in wording is meant to clarify that [ALJs] aren't in the business of impeaching claimants' character; obviously [ALJs] will continue to assess the credibility of pain assertions by applicants, especially as such assertions often cannot be either credited or rejected on the basis of medical evidence." Cole v. Colvin, 831 F.3d 411, 412 (7th Cir. 2016) (emphasis in original).

"It is well-established that the ALJ has a basic duty to develop a full and fair record." Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. § 416.912(d)); see Henry v. Comm'r of Soc. Sec., 802 F.3d 1264, 1267 (11th Cir. 2015) (citing Brown v. Shalala, 44 F.3d 931, 934 (11th Cir. 1995) (per curiam)). This requires an ALJ to "scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts." Henry, 802 F.3d at 1267 (quoting Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)). "Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." Ellison, 355 F.3d at 1276 (citing 20 C.F.R. § 416.912(a), (c)).

Here, the ALJ adequately considered the evidence relating to Plaintiff's hand injury and found that Plaintiff's testimony concerning the inability to use his left hand was not consistent with the evidence. First, the ALJ recognized Plaintiff's testimony on this point, Tr. at 23; see Tr. at 48-49 (testimony), but concluded at step two that "the record does not indicate that this condition caused more than a minimal limitation in [Plaintiff's] ability to perform basic physical work related activities and [is] therefore not 'severe' within the meaning of the regulations," Tr. at 23. Plaintiff does not challenge this step two finding.

The ALJ went on to specifically find Plaintiff's "allegations that he is unable to bend his fingers at all are not consistent with the evidence," and

discussed in detail the medical evidence relating to this matter. Tr. at 23-24; <u>see also</u> Tr. at 27 (discussing ER records relating to Plaintiff's finger). The ALJ complied with SSR 16-3P and controlling authority with respect to Plaintiff's testimony on this point. The ALJ generally found persuasive the non-examining opinions on Plaintiff's lack of physical exertional limitations, but giving Plaintiff the benefit of the doubt, the ALJ restricted Plaintiff's RFC to "only frequently handl[ing] and finger[ing] with the left hand." Tr. at 24-25. The ALJ did not err in arriving at this conclusion. Moreover, under the circumstances, Plaintiff has not demonstrated evidentiary gaps resulting in unfairness or prejudice.

### V.   Conclusion

The ALJ's Decision is supported by substantial evidence. Based on the foregoing, it is

**ORDERED**:

1.     The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2.      The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 18, 2023.

JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record